IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHRISTOPHER LEE CORE,          )
                               )
            Petitioner,        )
                               )   1:12CV907
     v.                        )   1:07CR321-1
                               )
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this matter filed a Motion [Doc. #39] for collateral review, seeking relief based on the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

After pleading guilty to a single count of distributing cocaine base in violation of § 841(a)(1) and (b)(1)(B), Petitioner was sentenced to 262 months of imprisonment as a career offender, to be followed by eight years of supervised release. Petitioner filed no direct appeal, but did later file his § 2255 Motion claiming that the prior felony convictions used to enhance his sentence should no longer be counted as felony predicates for those enhancements following the case of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In his Motion and subsequent filings, he challenges both his sentence as a career offender under USSG § 4B1.1 and a statutory enhancement based on an Information of Prior Conviction [Doc. #10] filed pursuant to 21 U.S.C. § 851. The Government initially opposed both of these claims.

However, in a Supplement [Doc. #65], the Government now concedes that Petitioner's claim challenging his § 851 enhancement should be granted. The Government continues to oppose Petitioner's career offender challenge. Petitioner filed a Motion [Doc. #64] seeking to Supplement his § 2255 Motion, as well as a Supplement [Doc. #65] to the § 2255 Motion. The Motion seeking to file the Supplement will be granted and the arguments contained in the Supplement will be considered.

Turning first to the career offender claim, the Court previously held this case in abeyance in light of the case of Foote v. United States, Nos. 1:11CV42, 1:06CR177-1 (M.D.N.C. Sept. 24, 2013) (unpublished), which was then pending on appeal in the United States Court of Appeals for the Fourth Circuit and involved the question of whether a challenge to a career offender enhancement was cognizable on collateral review. Foote has since been decided and holds that a challenge to a career offender designation based on United States v. Simmons is not the type of alleged sentencing error that can be corrected on collateral review. United States v. Foote, 784 F.3d 931, 943 (4th Cir.) (concluding that the petitioner's erroneous "career offender designation was not a fundamental defect that inherently results in a complete miscarriage of justice."), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015). Therefore, Petitioner's Simmons challenge to his career offender designation in this case is not cognizable in this collateral review proceeding.[1] Given the resolution in Foote and its effect on this case, that stay should now be lifted and Petitioner's career offender claim should be denied.

---

[1] The Government also contends that Petitioner's claim is barred by the applicable statute of limitations. This argument would also defeat Petitioner's § 2255 Motion challenging his career offender enhancement. Whiteside v. United States, 775 F.3d 180, 187 (4th Cir. 2014) (en banc) (holding that Simmons did not create an exception to the applicable statute of limitations).

2

With respect to Petitioner's challenge to the § 851 enhancement, the Government initially opposed relief on this claim as well. However, in its Supplement, the Government now concedes that the Information of Prior Conviction affected Petitioner's sentence by increasing the statutory term of imprisonment from 5-40 years to 10-life, and by increasing the mandatory minimum sentence of supervised release from 4 years to 8 years.[2] The Government has now waived the statute of limitations as to this claim and has requested that relief be granted. With respect to the nature of relief, the Government contends that a corrected judgment should be entered reducing Petitioner's term of supervised release from 8 years to 4 years. Petitioner seeks a full resentencing based on this claim.

The Court has reviewed the state court judgment reflecting Petitioner's prior conviction for possession with intent to sell or deliver cocaine, which is the predicate offense that was set out in the Information of Prior Conviction, and the Court notes that the conviction is reflected as a Class H felony with a prior record level of II, sentenced in the presumptive range. The maximum sentence Petitioner faced for that offense under North Carolina law, as analyzed in Simmons, was less than twelve months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed after Dec. 1, 1994). Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion be granted to the extent that it raises a Simmons claim challenging the § 851 Information of Prior Conviction.

---

[2] Thus, the Government has taken the position that Simmons applies on collateral review with respect to the types of claims presented in this case, and that the claims raised here are cognizable in these proceedings. The Court will proceed on the basis of this concession.

3

With respect to the potential remedy, trial courts have "broad and flexible power" in fashioning a remedy when granting relief under § 2255, including the option of entering a corrected judgment or conducting a full resentencing. See United States v. Hadden, 475 F.3d 652, 669-72 (4th Cir 2007). Here, the parties agree that Petitioner's § 2255 claim should be granted. However, Petitioner filed a Motion [Doc. #68] seeking a full resentencing, but the Government contends that a resentencing is not needed because Petitioner's challenge to his Guideline sentence would not be a basis for a claim that is cognizable on collateral review, as discussed above. Under Hadden, the Court has authority to set this matter for resentencing to address any remaining sentencing issues, but the Court also has discretion to instead enter a corrected judgment, if the District Judge is "satisfied with the resulting sentence." Hadden, 475 F.3d at 669. This determination is a matter within the discretion of the District Judge.

In the circumstances, the undersigned will recommend that Petitioner's § 2255 Motion be granted as to the § 851 claim, and that this matter be set for resentencing in the discretion of the District Judge or, alternatively, that a corrected judgment be entered reducing Petitioner's term of supervised release from 8 years to 4 years if the United States District Judge assigned to the case is satisfied with the resulting sentence.

The Court notes that Petitioner has also filed a Motion for Appointment of Counsel. Attorney Karen Gerber was previously appointed to represent Petitioner in this case. Based on Petitioner's request, the Court will grant Petitioner's motion to the extent that substitute counsel will be appointed.

IT IS THEREFORE ORDERED that Petitioner's Motion [Doc. #64] to supplement his § 2255 Motion is GRANTED.

4

IT IS FURTHER ORDERED that Petitioner's Motion for Appointment of Counsel [Doc. #68] is GRANTED, and the Court will appoint substitute counsel to represent Petitioner in this case.

IT IS RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #39] be GRANTED to the extent that it raises a Simmons claim challenging the § 851 Information of Prior Conviction, but DENIED otherwise; and that this matter be set for resentencing, or alternatively, that a corrected judgment be entered reducing Petitioner's term of supervised release from 8 years to 4 years if the United States District Judge assigned to the case is satisfied with the resulting sentence. To the extent that this Recommendation would deny Petitioner's claims in part, it is recommended that a certificate of appealability be denied.

This the 13th day of February, 2017.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge